**UNITED STATES of America, Appellee,**

v.

**Ojiabo Ifeanyi ONUMONU, Defendant–Appellant.**

**No. 1645, Docket 93–1056.**

United States Court of Appeals, Second Circuit.

Argued June 8, 1993.

Decided July 13, 1993.

Leonard J. Levenson, New York City, for defendant-appellant.

Mark O. Wasserman, Asst. U.S. Atty., E.D. of N.Y., New York City, (Zachary W. Carter, U.S. Atty., Peter A. Norling, Asst. U.S. Atty., E.D. of N.Y. of counsel), for appellee.

Before: OAKES, WALKER, WOOD,* Circuit Judges.

WALKER, Circuit Judge:

Ojiabo Ifeanyi Onumonu appeals from a judgment of the United States District Court for the Eastern District of New York (Dearie, *J.*), convicting him of importing heroin into the United States in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), 960(b)(2)(A), and 18 U.S.C. § 3551. This appeal concerns the district court's decision to enhance Onumonu's sentence for obstruction of justice for perjury.

## BACKGROUND

On August 8, 1990, Onumonu arrived at John F. Kennedy International Airport from Nigeria. He approached plain-clothed Customs Inspector Glenn Washington and asked him where to clear Customs. Inspector Washington examined Onumonu's Nigerian passport, customs declaration, and one-way ticket from Nigeria to New York, paid for in

cash, and decided to take Onumonu to a secondary search room. Over Onumonu's objection, Washington patted him down, and did not find contraband. He informed Onumonu that he suspected him of carrying heroin internally and requested that Onumonu consent to an x-ray. Onumonu refused. Washington gave him a *Miranda* warning and took him to a United States Customs medical van. Four days later, Onumonu defecated two heroin-filled condoms, which he then attempted to hide. He was placed under arrest. Onumonu was held in the van until he passed 83 heroin-filled condoms and was charged with one count of importing heroin into the United States in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(2)(A), and 18 U.S.C. § 3551, and one count of knowingly and intentionally possessing with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(B)(i), and 18 U.S.C. § 3551.

At his jury trial in front of Judge Dearie, Onumonu testified that he believed he had ingested condoms filled with diamonds and not heroin. On January 31, 1991, he was convicted on both counts. At sentencing, the district court found a base offense level of 28 under U.S.S.G. § 2D1.1, which it reduced by four levels under U.S.S.G. § 3B1.2(a) for his minimal role in the offense. It then enhanced the resulting offense level of 24 two levels to 26 under U.S.S.G. § 3C1.1, finding that Onumonu obstructed justice in falsely testifying that he thought he had ingested diamonds rather than heroin. With a criminal history category of I, this enhancement led to a sentencing range of 63–78 months. The district court sentenced Onumonu to 66 months in prison and two concurrent five-year terms of supervised release, and imposed two $50 special assessments. On June 24, 1992, this court reversed Onumonu's conviction and remanded for a new trial. *United States v. Onumonu*, 967 F.2d 782 (2d Cir.1992).

Onumonu later pleaded guilty to count one of the indictment. At the plea allocution, Judge Dearie agreed to ignore Onumonu's

---

\* Hon. Harlington Wood, Jr., United States Court of Appeals for the Seventh Circuit, sitting by

designation.

guilty plea when deciding whether to impose the obstruction of justice enhancement for falsely testifying at trial. At sentencing, the district court again found a base offense level of 28 under U.S.S.G. § 2D1.1, and reduced it four levels under U.S.S.G. § 3B1.2(a) for Onumonu's minimal role in the offense. It then reduced the offense level of 24 by two more levels under U.S.S.G. § 3E1.1 for acceptance of responsibility. With Onumonu's criminal history category of I, this calculation resulted in a base offense level of 22, with a sentencing range of 41–51 months. Without taking into account Onumonu's guilty plea, the district court enhanced the base offense level two levels to 24 for obstruction of justice on the basis of Onumonu's false testimony at trial, observing that:

> [W]e're not talking about a preponderance of the evidence here, we've [sic] talking about in my view, flagrant perjury on a material issue—obviously his knowledge— and the only issue that we tried to that jury. And I take the Court of Appeals' and the guideline[']s admonition about calling close ones in favor of the defendant particularly significant when a case involves a single issue of intent, which is not obviously susceptible to concrete and direct proof.

This enhancement led to a sentencing range of 51–63 months. The district court sentenced Onumonu to a 51–month prison term, to be followed by a five-year term of supervised release, and imposed a $50 special assessment. This appeal followed.

### DISCUSSION

Onumonu challenges the obstruction of justice enhancement to his sentence. "Whether the facts on which the district court relied to increase [Onumonu's] offense level under section 3C1.1 constitute 'obstruction of justice' is a question of law subject to de novo review." *United States v. Bonds,* 933 F.2d 152, 154 (2d Cir.1991).

Onumonu argues that under *United States v. Dunnigan,* —— U.S. ——, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993), an obstruction of justice enhancement cannot be assessed under § 3C1.1 unless the trial evidence would support a criminal conviction of perjury

against the defendant. And, Onumonu argues, to prove perjury to gain a conviction, the perjury must be established beyond a reasonable doubt, and the "two-witness rule" must be satisfied. The "two-witness rule" requires either the testimony of two witnesses, or the testimony of one witness and corroborating evidence that is of "independent probative value." *United States v. Weiner,* 479 F.2d 923, 926 (2d Cir.1973).

We have held that, under the Guidelines, as under the pre-Guidelines regime, sentencing factors need only be proved by a preponderance of the evidence to satisfy due process. *See, e.g., United States v. Guerra,* 888 F.2d 247, 251 (2d Cir.1989), *cert. denied,* 494 U.S. 1090, 110 S.Ct. 1833, 108 L.Ed.2d 961 (1990) (preponderance-of-the-evidence standard satisfies due process in determining "relevant conduct" pursuant to U.S.S.G. § 1B1.3). However, in cases involving obstruction of justice enhancements for perjury under § 3C1.1, the Guidelines provide that "[i]n applying this provision in respect to alleged false testimony or statements by the defendant, such testimony or statements should be evaluated in a light most favorable to the defendant." U.S.S.G. § 3C1.1, comment. (n.1). We have interpreted this admonition as " 'instruct[ing] the sentencing judge to resolve in favor of the defendant those conflicts about which the judge, after weighing the evidence, has no firm conviction.' " *United States v. Cunavelis,* 969 F.2d 1419, 1423 (2d Cir.1992) (alteration in original) (quoting *United States v. Matos,* 907 F.2d 274, 276 (2d Cir.1990)). In *Cunavelis,* we stated that "this standard is obviously different—and more favorable to the defendant— than the preponderance-of-evidence standard...." 969 F.2d at 1423. While this sounds to us indistinguishable from a clear-and-convincing standard, *Cunavelis* does not require that a district court establish the falsity of a defendant's statements beyond a reasonable doubt.

*Dunnigan* addressed district courts' obligations when enhancing a defendant's sentence for obstructing justice by committing perjury. A district court may enhance a defendant's sentence for obstruction of justice if the defendant commits perjury.

U.S.S.G. § 3C1.1, comment. (n.3(b)) (Nov. 1992). In *Dunnigan*, the Supreme Court defined perjury under the federal criminal perjury statute: "A witness testifying under oath or affirmation violates this statute if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." *Dunnigan*, —— U.S. at ——, 113 S.Ct. at 1116 (citing 18 U.S.C. § 1621(1)). To ensure that district courts will not enhance sentences as a matter of course whenever defendants take the stand, the Court held that if a defendant objects to a sentence enhancement resulting from her trial testimony, "a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition we have set out." *Id.* at ——, 113 S.Ct. at 1117. *Dunnigan* stands for the proposition that district courts must make findings as to each element of perjury. It does not address, and does not change, the standard that applies when assessing an obstruction of justice enhancement for perjury. More precisely, contrary to Onumonu's argument, *Dunnigan* does not require the sentencing court to find a violation beyond a reasonable doubt.

Onumonu's conflation of the elements of the federal criminal perjury statute with the requisite standard of proof is evidenced by his argument that the two-witness rule must be satisfied to impose an obstruction of justice enhancement for perjured testimony. The two-witness rule is not an element of the crime. It is a common law evidentiary standard intended to "bar a jury from convicting for perjury on the uncorroborated oath of a single witness." *Weiler v. United States*, 323 U.S. 606, 611, 65 S.Ct. 548, 551, 89 L.Ed. 495 (1945).

In *United States v. Bonds*, we affirmed an obstruction of justice enhancement to the defendant's sentence for testifying falsely without requiring the district court to apply the two-witness standard. *See Bonds*, 933 F.2d at 155. In *Bonds*, the defendant testified at trial that he did not know that the money he distributed was counterfeit, yet the jury found him guilty of knowingly distributing counterfeit money. We stated:

> [w]here ... the defendant's testimony relates to an essential element of his offense, such as his state of mind ..., the judgment of conviction necessarily constitutes a finding that the contested testimony was false. Accordingly, assuming that the evidence also persuades the sentencing judge that the defendant knew, at the time of testifying, that the statements to which he testified were untrue, a section 3C1.1 enhancement would be appropriate.

*Id.* Moreover, it follows from *Bonds* that the obstruction of justice enhancement for perjury can be imposed if the perjury is established through circumstantial evidence. It is axiomatic that, as a general matter, proof of guilt may be established by circumstantial evidence. *See, e.g., United States v. Rivera*, 844 F.2d 916, 925–26 (2d Cir.1988); *United States v. Tribunella*, 749 F.2d 104, 111–12 (2d Cir.1984). Therefore, since an obstruction of justice enhancement is warranted when a defendant who testifies to a material element of his offense is found guilty as long as the judge is persuaded that the defendant testified falsely, perjury, for purposes of a sentencing enhancement, can be established by circumstantial evidence. *Accord United States v. Akitoye*, 923 F.2d 221, 229 (1st Cir.1991) (obstruction of justice enhancement for knowingly false testimony does not require directly contradictory testimony; circumstantial evidence is sufficient); *United States v. Barbosa*, 906 F.2d 1366, 1370 (9th Cir.), *cert. denied*, 498 U.S. 961, 111 S.Ct. 394, 112 L.Ed.2d 403 (1990); *cf. Gebhard v. United States*, 422 F.2d 281, 287–88 (9th Cir.1970) (holding that, to convict for the substantive offense of perjury, the two-witness rule was not applicable and circumstantial evidence can be used where it was alleged that a defendant testified falsely to his state of mind).

Contrary to Onumonu's argument, there is nothing in *Dunnigan* that requires district courts to adhere to the two-witness rule necessary for criminal perjury convictions when considering whether to impose an obstruction of justice enhancement. *Dunnigan* requires that a district court apply the obstruction of

justice enhancement for perjury only if it finds that the elements of perjury are met. This requirement simply necessitates a finding by the district court that the defendant knowingly made a false statement under oath. We do not read *Dunnigan* to alter the lesser evidentiary standards applicable at sentencing proceedings.

In this case, the district court found that Onumonu committed perjury when he testified that he thought he was ingesting diamonds rather than heroin. Judge Dearie adhered to *Dunnigan* and made an independent finding that the elements of perjury were satisfied. The district court plainly heeded the correct evidentiary standard, and considered the testimony in the light most favorable to the defendant. *See Cunavelis*, 969 F.2d at 1423. Judge Dearie stated that, "we're not talking about a preponderance of the evidence here," and found that the defendant committed "flagrant perjury on a material issue—obviously, his knowledge—and the only issue ... tried to th[e] jury." He explained that, "I take the Court of Appeals' and the guideline[']s admonition about calling close ones in favor of the defendant...."

While no witnesses directly contradicted Onumonu's testimony, the district court's finding is amply supported by "a solid foundation of circumstantial evidence." *Akitoye*, 923 F.2d at 229. The district court noted that Onumonu was an educated person, having attended a technical college. At the first sentencing, when the district court enhanced Onumonu's sentence for perjured testimony, Judge Dearie stated that he found it "preposterous, that a man of [Onumonu's] intelligence would ingest a substance thinking they [sic] were diamonds." At the second sentencing, Onumonu's attorney admitted that, after doing research on gem smuggling, he found "a lot of smuggling of diamonds, perhaps not in this manner." We do not think the district court clearly erred in finding the defendant's testimony implausible.

Moreover, the district court's perjury finding is supported by the fact that, after Inspector Washington informed him that he suspected Onumonu of smuggling heroin internally, Onumonu refused an x-ray which would likely have confirmed the presence of diamonds in his intestinal tract rather than heroin. He also sought to hide the condoms he first expelled rather than requesting an immediate examination to confirm that they contained diamonds. As an educated man, Onumonu would likely have been aware that smuggling heroin carries a significantly greater penalty than smuggling diamonds. Once the authorities confined him to the medical van, and it was clear that the substance in his digestive tract would be found, it is reasonable to infer from Onumonu's silence that he did not think that he was carrying diamonds. If he thought so, he would likely have alerted the authorities to rid them of the suspicion that he was carrying heroin. These facts on top of the inherent incredibility of Onumonu's trial testimony amply supported the district court's perjury finding.

## CONCLUSION

The district court's judgment is affirmed.