97 F.3d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Andrew JACKSON, Defendant-Appellant
UNITED STATES of America, Plaintiff-Appellant,
v.
Charles HILLMAN, Defendant-Appellee.
 Nos. 95-5949, 95-6090.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1996.
 
 Before: SUHRHEINRICH and RYAN, Circuit Judges; ENSLEN, District Judge.*
 PER CURIAM.
 
 
 1
 In this appeal following a remand, Defendants Charles Hillman and Andrew Jackson each appeal sentencing issues. Hillman and Jackson previously appealed their convictions on cocaine charges. Hillman also appealed his conviction on a gun charge. We AFFIRM.
 
 I. FACTS
 
 2
 While driving from Texas to Ohio, Hillman and Jackson were stopped by the police in Tennessee. A consent-based search of Hillman's car uncovered approximately 1.5 kilograms of cocaine and a firearm. Each was charged with possessing cocaine with intent to distribute, 21 U.S.C. § 841(b)(1)(B), and with possessing a firearm in relation to a drug-trafficking offense, 18 U.S.C. § 924(c). A jury convicted Hillman of both counts; Jackson was convicted of only the drug charge.
 
 
 3
 At the initial sentencing, the court enhanced each defendant's base offense level by two levels for perjury pursuant to United States Sentencing Commission, Guidelines Manual § 3C1.1 (Nov. 1994). The court then sentenced Hillman to a total of 138 months imprisonment and Jackson to 97 months. Jackson was then 69 years old.
 
 
 4
 Defendants appealed their convictions and sentences. This court remanded the case for resentencing because the district court had not made an independent determination of perjury. United States v. Hillman, 42 F.3d 1389, 1994 WL 664929 (6th Cir.1994) (unpublished). On remand, the lower court determined that both defendants had perjured themselves and affirmed the original sentences. Defendants now appeal.
 
 II. DISCUSSION
 A. Hillman
 
 5
 Section 3C1.1 of the Sentencing Guidelines provides a two-level enhancement in the base offense level where the defendant willfully impedes or obstructs, or attempts to impede or obstruct, the administration of justice. U.S.S.G. § 3C1.1. Enhancement is appropriate where a defendant perjures himself at trial. U.S.S.G. § 3C1.1, comment. (n. 1) and comment. (n. 3). A witness commits perjury when he intentionally testifies falsely concerning a material issue under oath or affirmation. United States v. Dunnigan, 507 U.S. 87, 94-95 (1993).
 
 
 6
 In this case, Hillman testified that he was unaware of the presence of cocaine in his car. The district court determined by a preponderance of the evidence that this testimony was perjury. On appeal, Hillman argues that the district court should have applied the more stringent clear and convincing evidence test.
 
 
 7
 In United States v. Zajac, 62 F.3d 145 (6th Cir.), cert. denied, 116 S.Ct. 681 (1995), this court held that preponderance of the evidence was the proper standard for determining whether a defendant perjured himself for purposes of § 3C1.1. Id. at 150-51. Hillman acknowledges that this panel is bound by Zajac as a prior decision and that, absent en banc review, his sentence must be affirmed. See United States v. Smith, 73 F.3d 1414, 1418 (6th Cir.1996) (a panel may not overrule a prior published decision).[1] Therefore, we will affirm Hillman's sentence.
 
 B. Jackson
 
 8
 Jackson was 70 years old when he was resentenced on remand to a prison term of 97 months. Jackson argues this punishment effectively amounts to life imprisonment given his age and, therefore, was an abuse of the district court's discretion because the crime for which he was convicted does not authorize life imprisonment.
 
 
 9
 As an initial matter, Jackson waived this issue because he failed to present it to the court below. United States v. Cullens, 67 F.3d 123, 124 (6th Cir.1995); United States v. Nagi, 947 F.2d 211, 214-15 (6th Cir.1991), cert. denied, 504 U.S. 958 (1992). Therefore, we will affirm Jackson's sentence.
 
 
 10
 Moreover, even if we were to consider the merits of Jackson's appeal, we would still affirm his sentence. Jackson relies on United States v. Martin, 63 F.3d 1422 (7th Cir.1995). In Martin, the defendant was convicted of arson under 18 U.S.C. § 844(i), which, at that time, authorized imprisonment for "any term of years" or, upon direction of the jury, for life imprisonment or death. Id. at 1432. After the jury declined to order life imprisonment, the district court sentenced the defendant, who was then forty-five years old, to fifty years imprisonment. The sentence was vacated on appeal because the district court could not impose a de facto life sentence under 18 U.S.C. § 844(i) after a jury formally refused to do so. Id. at 1434. "[W]here a legislatively enacted sentencing scheme has expressly deprived a court of the possibility of imposing a life sentence, a sentence for a term of years exceeding the defendant's approximate life expectancy would ordinarily constitute an abuse of discretion." Id.
 
 
 11
 Martin is distinguishable from this case because 18 U.S.C. § 841(b)(1)(B) specifically authorized the court to impose a sentence of between five and forty years for Jackson's crime, and did not otherwise limit it to less than life. Because Jackson's sentence was within the statutory range, the district court did not abuse its discretion in imposing a ninety-seven month sentence, notwithstanding Jackson's age.
 
 
 12
 Hillman also moves to remand his case to the district court for further consideration in light of Bailey v. United States, 116 U.S. 501 (1995) and United States v. Riascos-Suarez, 73 F.3d 616 (6th Cir.1996), which were decided while this appeal was pending. In Bailey, the Court held that "use" of a firearm under 18 U.S.C. § 924(c) requires some active employment of the weapon. In Riascos, this court held that "carrying" a firearm under section 924(c) requires that the weapon to be "immediately available for use." Hillman asserts that under Bailey or Riascos, section 924(c) does not apply to him because his weapon was found in a suitcase in a locked automobile trunk. The government agrees with Hillman that the district court is in a better position than this court to evaluate the facts of this case under Bailey and Riascos and does not contest Hillman's motion to remand. Accordingly, we will remand this matter to the district court for consideration of the applicability of section 924(c) to the facts of Hillman's case under Bailey and Riascos.
 
 III. CONCLUSION
 
 13
 The sentences of Hillman and Jackson are AFFIRMED. However, Hillman's case is REMANDED for further proceedings to determine the applicability of section 924(c) to the facts of his case under Bailey and Riascos.
 
 
 
 *
 The Honorable Richard A. Enslen, Chief Judge of the United States District Court for the Western District of Michigan, sitting by designation
 
 
 [1]
 Notwithstanding, Hillman seeks en banc review because the circuits are split on the appropriate standard. Although we lack the power to grant such relief, Hillman, at the appropriate time may suggest a rehearing en banc under Federal Rule of Appellate Procedure 35 and Sixth Circuit Rule 14