110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Oliver JOHNSON, Defendant-Appellant.
 No. 96-5296.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1997.
 
 Before: JONES, SUHRHEINRICH, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-Appellant James Oliver Johnson appeals his sentencing enhancement under United States Sentencing Guidelines Manual § 3C1.1 for obstruction of justice. For the following reasons, we AFFIRM his sentence.
 
 
 2
 As a federal employee injured on the job, Johnson was entitled to receive government disability benefits under the Federal Employee's Compensatory Act (FECA), 5 U.S.C. §§ 8101-93 (1996). To qualify for these benefits, Johnson was required to submit annual reports to the federal government indicating any outside employment he held during that year. On these documents, Johnson consistently failed to report his full-time employment as a pastor at a local Church of God. As a result, Johnson received disability checks while gainfully employed. When the government discovered this situation, Johnson was indicted for making false statements to a federal agency and for mail fraud in violation of 18 U.S.C. §§ 1001 and 1341, respectively.
 
 
 3
 At trial, Johnson testified in his own defense and repeatedly stated that he did not remember signing the fraudulent documents upon which his receipt of benefits was based. He did, however, acknowledge that the signatures on those documents appeared to be his own.
 
 
 4
 Johnson was convicted by jury. The district judge then enhanced his sentence under U.S.S.G. § 3C1.1, concluding that Johnson obstructed justice by committing perjury when he testified that he did not remember signing any of the fraudulent documents. That enhancement is the only subject of this appeal.
 
 
 5
 We review the district court's application of U.S.S.G. § 3C1.1 under a clearly erroneous standard. United States v. Zajac, 62 F.3d 145, 148 (6th Cir.), cert. denied, 116 S.Ct. 681 (1995). Where factual findings are at issue, they need only be supported by a preponderance of the evidence. Id.
 
 
 6
 Johnson argues that the district court did not make sufficient findings of fact to sustain his sentencing enhancement. In United States v. Dunnigan, 507 U.S. 87 (1993), the Supreme Court outlined the requirements necessary to support an obstruction of justice enhancement based upon perjury. Id. at 95 (district court "must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice ... under the perjury definition"). We have interpreted Dunnigan to require the district court to "identify for the record at least some specific instances of conflicting testimony and specify which portions of the defendant's testimony he finds materially perjurious." United States v. Spears, 49 F.3d 1136, 1143 (6th Cir.1995) (abrogated on other grounds, United States v. Wells, 117 S.Ct. 921 (1997)).
 
 
 7
 The district court made the following statement regarding Johnson's testimony:
 
 
 8
 I was left with the firm belief when you told the jury that you didn't realize that was your signature, you didn't remember signing it and things like that, that as I recall, one of the things that we did during the course of the trial was to look at the signature on the bond papers and I, as the jury was asked to do, to compare that to the signatures on those documents that were submitted; and I don't see how anybody could not have recalled signing it, and it was even from a layman's viewpoint, my belief that it was the signature.
 
 
 9
 J.A. at 118.
 
 
 10
 The foregoing statement easily satisfies the requirements of Dunnigan and Spears because it "specif[ies] which portions of the defendant's testimony [the judge] finds materially perjurious." Spears, 49 F.3d at 1143. Although it fails to specify the materiality of the perjury, we need not remand based upon that omission because we can determine materiality as a matter of law on appeal. United States v. Seymour, 38 F.3d 261, 264 (6th Cir.1994).[1]
 
 
 11
 "Material information is information that, if believed, would tend to influence or affect the issue under determination." United States v. Crousore, 1 F.3d 382, 385 (6th Cir.1993) (citing U.S.S.G. § 3C1.1 Commentary (n. 5)). The relevant issue under determination by the jury in this case was Johnson's intent to defraud the federal government through submission of fraudulent documents. Johnson's testimony that he was unable to recall signing the documents, if believed, could tend to influence the jury's determination regarding his intent to defraud. For example, a juror who believed Johnson's testimony could tend to believe that his inability to recall signing the documents reflected a lack of intent to defraud the government. This is all that is required to satisfy the definition of materiality. See id. (testimony need only "tend" to influence the factfinder). Because Johnson's statements were material to the issue under determination by the jury, the district court did not commit clear error by enhancing Johnson's sentence for obstruction of justice based upon perjury. Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 [1]
 Johnson also claims that the district court was confused as to the nature of his testimony. To the contrary, the district court's reference to specific testimony by Johnson indicates the court was not confused at all. Rather, the court was clear on the testimony it considered perjurious and identified it as such