UNITED STATES of America,
Appellee,

v.

Marc W. HUSSEY, Blake W. Alexander, Melvin Lloyd Richards, Frank P. Zitkevitz, Defendants–Appellants,

Laurence T. Zitkevitz, Agunloye Olawande, aka Wande, Alex Sheyfer, Alexander Zalmenenko, Defendants.

Nos. 00–1528(L), 00–1606, 00–1614, 00–1625.

United States Court of Appeals, Second Circuit.

June 21, 2001.

Anthony Randazz; Miles Feinstein, on the brief, Clifton, NJ, for appellant Marc W. Hussey.

Robert J. Krakow, New York, NY, for appellant Blake W. Alexander.

Deborah A. Schwartz, New York, NY, for appellant Melvin Lloyd Richards.

James M. Branden; Valerie S. Amsterdam, on the brief, Amsterdam & Branden, New York, NY, for appellant Frank P. Zitkevitz.

Nancy Kestenbaum, Assistant United States Attorney; Joanna C. Hendon, Gary Stein, Assistant United States Attorneys, of counsel; Mary Jo White, United States Attorney, on the brief, United States Attorney's Office for the Southern District of New York, New York, NY, for appellee.

Present CABRANES, STRAUB and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of said District Court be and are AFFIRMED.

Appellants Marc Hussey, Blake Alexander, Melvin Richards, and Frank Zitkevitz appeal from judgments of conviction and sentence entered against them in the District Court. Each appellant was convicted of conspiring to commit securities fraud, in violation of 18 U.S.C. § 371, and engaging in securities fraud, in violation of 15 U.S.C. § 78a; in addition, Richards and Zitkevitz were convicted of engaging in wire fraud, in violation of 18 U.S.C. § 1343.

Hussey challenges his conviction and sentence on twelve grounds, arguing principally that (1) the District Court erred in declining to provide the jury with a change of multiple conspiracies; (2) there was insufficient evidence presented at trial to support all of his counts of conviction; (3) the jury's verdict of conviction on one count was inconsistent with its verdict of acquittal on another count; (4) the Government's rebuttal summation was improper; (5) the District Court erred in declining to give the jury a missing witness instruction; (6) the District Court erred in admitting evidence concerning his sale of Nichi Capi-

tal securities; (7) the District Court erred in determining that a check admitted into evidence had been authenticated; (8) the District Court erred in not excusing three jurors for cause; (9) he was denied his Sixth Amendment right to conflict-free counsel; (10) the District Court violated the teachings of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by determining the amount of loss attributable to his fraud by a standard of preponderance of the evidence; (11) the District Court erred in imposing a two-level enhancement under the Sentencing Guidelines for abuse of trust and a two-level enhancement for obstruction of justice; and (12) the disparity between his sentence and those of Alexander and Zitkevitz violated his right to equal protection and due process under the U.S. Constitution.

Alexander and Richards raise some of these same arguments to challenge their convictions and sentences. In addition, Richards argues that the District Court should have dismissed the charges against him because of a February 1997 plea agreement in the Southern District of California, and erred in declining to depart downward from the Sentencing Guidelines on the erroneous assumption that it was not entitled to do so.

Finally, Zitkevitz challenges only his sentence, on the ground that the District Court erred in denying him a three-level reduction under Section 3E1.1 of the Guidelines for acceptance of responsibility.

For the reasons provided below, as well as those provided in a separate published opinion filed today, we find no merit in any of these arguments and therefore affirm the District Court's judgments in all respects.

## I. Jury Instructions

Hussey, Richards, and Alexander each challenge the District Court's decision not to provide the jury with a multiple-conspiracies charge at trial. We find no merit in this argument.

■ To secure a reversal on the ground that the district court failed to give a charge of multiple conspiracies, a defendant must show that (1) there was evidence of separate networks operating independently of each other and (2) he suffered substantial prejudice resulting from the failure to give the requested charge. *See United States v. Cusimano,* 123 F.3d 83, 89 (2d Cir.1997); *United States v. Maldonado–Rivera,* 922 F.2d 934, 962–63 (2d Cir.1990). "A refusal to give a multiple conspiracy charge does not prejudice [a] defendant where there was ample proof before the jury for it to find beyond a reasonable doubt that [a] defendant was a member of the conspiracy charged in the indictment." *United States v. Vazquez,* 113 F.3d 383, 386 (2d Cir.1997).

■ Here, the evidence at trial overwhelmingly established the existence of a single conspiracy to sell the stock of United Media Group, Inc. ("UMGI") at an artificially high price. The various actions taken by appellants were all designed to accomplish this goal. The fraudulent stock schemes were also led by the same core group of leaders; shared common participants; and were mutually interdependent. *See United States v. Berger,* 224 F.3d 107, 114–15 (2d Cir.2000) (citing these characteristics to support a finding of one conspiracy). Although appellants may have been involved in different stages of the stock scheme, "a single conspiracy is not transformed into multiple conspiracies merely by virtue of the fact that it may involve two or more phases or spheres of operation." *Id.* (quoting *Madonado–Rivera,* 922 F.2d at 963). Accordingly, we hold that the jury had ample evidence at

trial to conclude that appellants were members of a single conspiracy, and find no basis for reversal in the District Court's refusal to provide a charge of multiple conspiracies.

## II. SENTENCING ISSUES

Hussey, Alexander, Richards, and Zitkevitz each contend that they were improperly sentenced by the District Court. Their principal arguments are (1) the District Court violated the teachings of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by determining the amount of loss attributable to their fraud by a standard of preponderance of the evidence; (2) the District Court erred in enhancing the sentences of Hussey and Richards for obstruction of justice; and (3) the District Court erred in denying Zitkevitz a three-point sentencing reduction for acceptance of responsibility. These contentions are without merit.

### A. *Apprendi*

■ As we have explained, *Apprendi* does not "alter[ ] a sentencing judge's traditional authority to determine those facts relevant to selection of an appropriate sentence *within the statutory maximum." United States v. Garcia,* 240 F.3d 180, 183 (2d Cir.2001) (emphasis added). Therefore, as long as a defendant is sentenced on each count within the maximum allowed by statute, a district court can determine a defendant's uncharged conduct for purposes of sentencing by using the traditional standard of proof—namely, a preponderance of the evidence. *See United States v. White,* 240 F.3d 127, 136 (2d Cir.2001).

■ In the case at hand, the District Court sentenced Hussey to a term of 36 months' imprisonment, Alexander to a term of 30 months' imprisonment, Rich-

ards to a term of 87 months' imprisonment, and Zitkevitz to a term of 30 months' imprisonment. Each of these sentences is within the maximum allowed by statute for engaging in securities fraud. *See* 15 U.S.C. § 78ff (maximum of 120 months for securities fraud). Accordingly, the District Court did not violate the teachings of *Apprendi* in determining the amount of loss resulting from appellants' offenses.

### B. *Enhancement for Obstruction of Justice*

■ We also find no merit in the challenge of Hussey and Richards to the District Court's imposition of a two-level sentencing enhancement for obstruction of justice. The District Court found, without clear error, that Hussey had testified falsely about a material element of his offense, and that Richards had intentionally induced others to testify falsely on his behalf about a material element of his offense. Under such circumstances, a sentencing court has discretion to impose a two-level enhancement under Section 3C1.1. *See* U.S.S.G. § 3C1.1, application note 4(b) and (f) (1998) (providing for a two-level enhancement for "committing ... perjury" or "providing materially false information to a judge."); *see also United States v. Onumonu,* 999 F.2d 43, 46–47 (2d Cir.1993) (providing for a two-level enhancement where a defendant testifies falsely about an essential element of his offense).

### C. *Reduction for Acceptance of Responsibility*

■ Finally, we find no error in the District Court's decision to deny Zitkevitz a three-point reduction for acceptance of responsibility. The record supports a finding that Zitkevitz persistently refused to acknowledge his complete role in the

offense and attempted to shift blame to others. Accordingly, the District Court acted well within its discretion in declining to reduce Zitkevitz's total offense level under Section 3E1.1 of the Sentencing Guidelines for acceptance of responsibility.

We have considered all of appellants' other arguments and find in them no basis for reversal. For the foregoing reasons, as well as those provided in a separate published opinion filed today, the judgments of the District Court are hereby AFFIRMED.