UNITED STATES of America,
Plaintiff–Appellee,

v.

Larry Terrell McDONALD,
Defendant–Appellant.

No. 97–5474.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 23, 1998.

Decided Jan. 21, 1999.

Sunny A.M. Koshy (argued and briefed), Office of the U.S. Attorney, Nashville, TN, for Plaintiff–Appellee.

Caryll S. Alpert (argued and briefed), Federal Public Defender's Office, Nashville, TN, for Defendant–Appellant.

Before: WELLFORD, SILER, and GILMAN, Circuit Judges.

GILMAN, J., delivered the opinion of the court, in which SILER, J., joined. WELLFORD, J. (pp. 1037–38), delivered a separate concurring opinion.

## OPINION

GILMAN, Circuit Judge.

After pleading guilty to theft from federally licensed firearms dealers and to being a felon in possession of firearms, Larry Terrell McDonald was sentenced by the district court. The court applied a two-level enhancement for obstruction of justice pursuant to United States Sentencing Guideline ("USSG") § 3C1.1 and a four-level enhancement for use or possession of a firearm in connection with another felony pursuant to USSG § 2K2.1(b)(5). McDonald argues on appeal that the lower court erred in its application of both enhancements. For the reasons set forth below, we AFFIRM the sentence enhancement pursuant to USSG § 3C1.1, REVERSE the sentence enhancement pursuant to USSG § 2K2.1(b)(5), and REMAND for resentencing consistent with this opinion.

## I. BACKGROUND

On October 23, 1995, McDonald broke into a pawn shop operated by federally licensed firearms dealers. He was not carrying any weapons on his person when he entered the premises. McDonald gathered gold chains, money, and approximately 74 firearms into a duffel bag. Shortly thereafter, local police found McDonald hiding in the nearby bushes in close proximity to the duffel bag and to several loose pistols that had apparently fallen from the bag. McDonald was read his Miranda rights, handcuffed, and placed in a patrol car.

The police continued to investigate the scene. Approximately 20 to 30 minutes later, an officer noticed that McDonald had escaped from the patrol car. Based upon an anonymous tip, the police were able to locate McDonald approximately 4 hours after his escape in an apartment complex a couple of miles from the scene of the offense. He had removed his clothing, managed to shift his handcuffs from behind his back to his front, and had fallen asleep.

McDonald pled guilty to theft from a federally licenced firearms dealer, a violation of 18 U.S.C. § 922(u), and to being a felon in possession of firearms, a violation of 18 U.S.C. § 922(g)(1). The court enhanced McDonald's sentence two levels for obstruction of justice (based on his escape from custody) pursuant to USSG § 3C1.1. It also applied the four-level sentence enhancement pursuant to USSG § 2K2.1(b)(5) for the "use[ ] or possess[ion] of a firearm in connection with another felony offense." McDonald was sentenced to 96 months of imprisonment and to three years of supervised release on each count, to run concurrently. On appeal, McDonald does not dispute the district court's

factual findings, but claims that the court erred in its application of both sentence enhancement provisions.

## II. ANALYSIS

### A. Sentence enhancement for obstruction of justice pursuant to USSG § 3C1.1

#### 1. Standard of review

We begin by noting the existence of inconsistent opinions in this circuit regarding the proper standard of review for the application of USSG § 3C1.1. The court has articulated at least three different standards. In *United States v. Sanchez,* 928 F.2d 1450, 1458 (6th Cir.1991), the court stated that "[t]he question as to whether defendants' conduct constitutes obstruction of justice, 'turns primarily on the legal interpretation of a guideline term' and is thus reviewed *de novo.*" (quoting *United States v. Stroud,* 893 F.2d 504, 507 (2d Cir.1990)).

The following year, the court explained that the district court had "considerable discretion" in deciding whether a defendant's conduct constitutes an obstruction of justice. "On appeal, we review whether the district court abused its discretion in applying § 3C1.1." *United States v. Bennett,* 975 F.2d 305, 308 (6th Cir.1992). The court in *Bennett* did not cite the *Sanchez* decision. *See also United States v. Medina,* 992 F.2d 573, 591 (6th Cir.1993) (stating that sentencing courts have discretion to determine whether a defendant's conduct constitutes an obstruction of justice). Two years after *Bennett,* however, this court decided *United States v. Smart,* 41 F.3d 263 (6th Cir.1994), in which it made the following comment on the standard of review applied in *Bennett:*

> The *Bennett* court, however, did not rely on any case law or the Guidelines in arriving at this [new standard of review]. As a general rule, a court's factual findings in relation to the application of the Sentencing Guidelines are subject to a 'clearly erroneous' standard of review, and legal conclusions regarding the Guidelines are reviewed *de novo.*

*Id.* at 264 n. 1 (internal citations omitted).

To add to this confusion, at least one post-*Bennett* case stated that a district court's application of USSG § 3C1.1 is to be reviewed under a clearly erroneous standard of review. *See United States v. Zajac,* 62 F.3d 145, 148 (6th Cir.1995) ("This court has consistently applied the clearly erroneous standard to district court applications of § 3C1.1.").

██ Because of the existing inconsistency on this issue, it is important to clarify the proper standard to be applied when reviewing a district court's application of USSG § 3C1.1 The standard is best articulated as a three-step process of review. First, we apply the well-settled rule that a district court's findings of facts are reviewed under a clearly erroneous standard. Fed.R.Civ.P. 52(a). *See United States v. Latouf,* 132 F.3d 320, 331 (6th Cir.1997) ("A court's factual findings in relation to the application of Sentencing Guidelines are subject to a deferential 'clearly erroneous' standard of review."), *cert. denied,* —— U.S. ——, 118 S.Ct. 1572, 140 L.Ed.2d 805 (1998).

Second, a district court's determination of whether the facts constitute an obstruction of justice is a mixed question of law and fact that is reviewed *de novo. See Razavi v. Commissioner of Internal Revenue,* 74 F.3d 125, 127 (6th Cir.1996) ("Mixed questions of law and fact are reviewed *de novo.*"); *United States v. Kushmaul,* 147 F.3d 498, 500 (6th Cir.1998) (holding that whether the facts before it constituted "brandishing a weapon" was a legal question to be reviewed *de novo* ). These are well-established rules, and there is no reason to deviate from them when reviewing the application of this particular enhancement.

Third, once there has been a finding of obstruction of justice, the court must apply the enhancement. The guideline states that if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense ... increase the offense by 2 levels." USSG § 3C1.1. Because the enhancement language of the guideline is mandatory rather than discretionary, such enhancement is reviewed under the *de novo* standard.

We recognize that this standard of review is inconsistent with *Bennett,* and that one panel of the court cannot under normal circumstances overrule a prior panel's decision. *See United States v. Smith,* 73 F.3d 1414, 1418 (6th Cir.1996). Here, however, we have no choice but to choose between prior conflicting decisions on the point in question. Because the *Bennett* decision is inconsistent with both prior and subsequent case law on the subject (see *Sanchez, Smart* and *Razavi* ), we decline to follow *Bennett*'s abuse of discretion standard.

The clearly erroneous standard cited in *Zajac* is also incorrect. That standard is reserved for the district court's findings of facts and is inappropriate for applications of law or mixed questions of law and fact. *See Razavi,* 74 F.3d at 127.

Because the facts underlying McDonald's obstruction of justice enhancement are undisputed, we review the district court's application of USSG § 3C1.1 *de novo.*

### 2. Obstruction of justice

The application notes to USSG § 3C1.1 provide examples of conduct to which that section does and does not apply. According to Application Note 3(e), an enhancement for obstruction of justice applies if a defendant "escape[s] or attempt[s] to escape from custody before trial or sentencing." USSG § 3C1.1, note 3(e). Note 4(d) states that "avoiding or fleeing from arrest" ordinarily does not warrant application of the enhancement. USSG § 3C1.1, note 4(d). The issue presented on appeal is whether McDonald's acts constituted an escape from custody or the fleeing from arrest.

■ We agree with the district court's conclusion that McDonald willfully and deliberately escaped from custody, thus calling for the two-level enhancement. McDonald clearly had been handcuffed, read his *Miranda* rights, and placed in a patrol car. As the district court stated during the sentencing hearing, "If this man wasn't in custody, then I don't know what could constitute custody."

This court recently held in *United States v. Salvo,* 133 F.3d 943, 948 (6th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 1805, 140 L.Ed.2d 943 (1998), that the test for determining if a defendant was in custody should be based on whether, under the circumstances, a reasonable person would feel free to leave. *See also Stansbury v. California,* 511 U.S. 318, 322, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) ("In determining whether an individual was in custody, a court must examine all of the circumstances surrounding the interrogation, but the ultimate inquiry is simply whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.") (internal quotation marks omitted) (brackets in original). Once a person is handcuffed, read his or her *Miranda* rights, and placed in a patrol car, that person would have no reasonable basis to believe that he or she was free to leave the scene. Consequently, we agree that McDonald was in custody at the time of his escape, and that the application of USSG § 3C1.1 was proper.

McDonald, however, argues that his conduct was an "instinctive flight from arresting authorities, rather than a planned, willful escape attempt meriting enhancement." In support of his argument, McDonald cites *United States v. Draves,* 103 F.3d 1328 (7th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 2528, 138 L.Ed.2d 1028 (1997). The parties in *Draves* both acknowledged that the defendant was handcuffed and placed in a patrol car, but disputed whether he had received his *Miranda* warnings. Draves spontaneously fled from the police car in a panic, and was apprehended in a house near the scene of his arrest. Based upon these facts, the Seventh Circuit held that the defendant's act constituted a flight from arrest rather than an escape from custody. It therefore concluded that the application of USSG § 3C1.1 was not appropriate.

We decline to follow the *Draves* decision for two reasons. First, we disagree with the result. Draves was informed of the charges against him, handcuffed, and placed in a patrol car. The opinion conceded that Draves was in custody at this point, but determined that his flight was instinctual rather than a willful plan of escape. The government argued that a defendant who is arrested and in custody and subsequently flees from the po-

lice has escaped from custody. The *Draves* court rejected that argument, stating that it was "overly formalistic." We disagree. If a reasonable person would no longer feel free to leave, and then flees from the police, he has "escaped from custody." Such escape creates more than a minor inconvenience to the police and the investigatory process. Instead, it significantly impedes the administration of justice and therefore merits the enhancement for obstruction of justice.

Second, even assuming that *Draves* was properly decided, the instant case is distinguishable. Unlike Draves, it is undisputed that McDonald was not only handcuffed and placed in the patrol car, but that he was also advised of his rights. This makes it even less reasonable for him to assume that he was free to leave the scene or that he was not in custody. Because McDonald's arrest was no longer still in progress, the present case differs from one where a defendant commits a crime and, prior to any detention, flees from an officer in hot pursuit.

McDonald's actions subsequent to his escape also indicate a deliberate plan of evasion rather than an instinctual flight. Specifically, he avoided his own home and removed his clothing, which indicate an attempt to evade the police. When the police did locate McDonald, he was asleep. This does not reflect the conduct of one who is in a state of panic. In contrast, there was no evidence that Draves engaged in any evasive activities after his escape, because he was apprehended only three houses away from the scene of his arrest. Based on all of the above, we conclude that McDonald escaped from custody, and that the court properly applied the two-level enhancement for obstruction of justice pursuant to USSG § 3C1.1.

**B. Sentence enhancement for use or possession of a firearm in connection with another felony pursuant to USSG § 2K2.1(b)(5)**

*1. Standard of review*

■ "A court's factual findings in relation to the application of Sentencing Guidelines are subject to a deferential 'clearly erroneous' standard of review. Legal conclusions regarding the Guidelines, however, are reviewed *de novo*." *United States v. Latouf,* 132 F.3d 320, 331 (6th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1572, 140 L.Ed.2d 805 (1998). The facts in this case are not in dispute. Rather, the issue on appeal is whether the facts of this case warrant the application of USSG § 2K2.1(b)(5). We therefore review this issue *de novo*.

*2. Use or possession of a firearm in connection with another felony*

The district court enhanced McDonald's sentence pursuant to USSG § 2K2.1(b)(5), which states that "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense ... increase by 4 levels." USSG § 2K2.1(b)(5). The parties agree that McDonald did possess firearms; they differ, however, on whether this possession was "in connection with another felony offense."

This issue was recently presented in *United States v. Sanders,* 162 F.3d 396 (6th Cir. 1998). Sanders, along with his co-conspirators, burglarized the Household Pawn Shop in Nashville, Tennessee. He stole firearms and electronics from the pawn shop and placed them in his car. Shortly thereafter, he was stopped by the police for a traffic violation, at which time the troopers found more than 70 weapons in the car. Sanders pled guilty to knowingly transporting stolen firearms in violation of 18 U.S.C. § 922(i), and to being a convicted felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). The district court imposed the four-level sentence enhancement for possession of firearms in connection with another felony pursuant to USSG § 2K2.1(b)(5).

On appeal, the *Sanders* court held that the defendant did not possess firearms in connection with another felony, and thus the district court erred in its application of USSG § 2K2.1(b)(5). "In this case there was one offense—the burglary of the pawnshop—which resulted in Defendant's possession of the instant firearms. There was no allegation that Defendant Sanders possessed any firearms when he entered the pawnshop. Nor was there any allegation that [he] utilized any of the stolen firearms to commit

any crimes after the theft." *Id.* at 399–400. The court cited Application Note 18 in support of its holding. This Note states that " 'another felony offense' ... refer[s] to offenses other than ... firearms possession or trafficking offenses." USSG § 2K2.1(b)(5), note 18. "A logical reading of [this guideline] would at least require, as a condition precedent to the application of a major four level guideline enhancement, a finding of a separation of time between the offense of conviction and the other felony offense, or a distinction of conduct between that occurring in the offense of conviction and the other felony offense. Otherwise, the word 'another' is superfluous[.]" *Sanders,* 162 F.3d at 400.

██ We find that *Sanders* is controlling in the present case. Like Sanders, McDonald entered a pawn shop unarmed, stole firearms along with other items, and was captured shortly thereafter prior to perpetrating any subsequent felonies. There was no lapse of time or a distinction of conduct between the simultaneous offenses of the theft and the possession of the firearms. Consequently, the district court erred in its application of the four-level enhancement pursuant to USSG § 2K2.1(b)(5) under the circumstances of this case.

In Judge Wellford's concurring opinion, he acknowledges that we are bound by the decision in *Sanders,* but believes that *Sanders* was wrongly decided. He argues that McDonald was in possession of the firearms, and that this possession was "in connection with another felony offense," i.e., the burglary in which the firearms were stolen. We respectfully disagree with this overly literal reading, because the "possession" of the firearms came about only as a simultaneous consequence of consummating the burglary. This is significant because USSG § 2K2.1(b) is not a general theft provision. Rather, it is a sentencing enhancement provision that was created in response to a concern about the increased risk of violence when firearms are used or possessed during the commission of *another* felony. *See, e.g.,* USSG § 2D1.1 note 3 ("The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weap-

ons."). USSG § 2K2.1(b) should therefore be applied only when there is evidence of something more than simply the theft of firearms. In this case, there was no such evidence. To enhance McDonald's sentence when his possession of the firearms was only in connection with the contemporaneous burglary of the pawn shop would thus be contrary to the guideline's underlying purpose. For this reason, along with those discussed in *Sanders,* we find that USSG § 2K2.1(b)(5) does not apply to the facts in this case.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the sentence enhancement pursuant to USSG § 3C1.1 for obstruction of justice, REVERSE the sentence enhancement pursuant to USSG § 2K2.1(b)(5) for use or possession of a firearm in connection with another felony, and REMAND for resentencing consistent with this opinion.

WELLFORD, Circuit Judge, concurring.

I am in complete accord with the discerning opinion on standard of review set out in part II.A.1. and with the discussion in part II.A.2. on obstruction of justice.

I write separately with regard to part II.B. and the discussion of the sentence enhancement for use or possession of a firearm in connection with another felony. U.S.S.G. § 2K2.1 is the guidelines section under consideration. It deals with "unlawful receipt, possession or transportation of firearms." The particular subsection 2K2.1(b)(5) covers the situation "if the defendant used or possessed any firearm ... in connection with another felony offense."

One would think the language used in the guidelines to enhance a sentence would apply to the circumstances involved in this case. McDonald was engaged in a felony, theft from a federally licensed firearms dealer; he burglarized the dealer and obtained, "received" without permission, a stash of firearms he intended to steal. He was in "possession" of the stolen firearms, and he was in the process of "transporting" them away when captured in the very act.

A common sense reading of the guideline involved would seem to indicate that Mc-Donald possessed these firearms "in connection with another felony offense" to which he pleaded guilty: burglary and theft of firearms (and other valuables) from a licensed weapons dealer.

Unfortunately, from my perspective, another panel of this court, in a similar recent case, somehow reached the opposite conclusion. *United States v. Keidronn Sanders,* 162 F.3d 396 (6th Cir.1998). I believe the decision to be mistaken, and I would have joined dissenting Judge Kennedy in her separate opinion had I been on that panel instead of this one. I do not believe that Note 18, properly construed, should lead to a different result. The "other felony offense" in our case was theft/burglary, not "firearm possession."

I take some comfort that not only Judge Kennedy in *Sanders,* but the district judge who heard both *Sanders* and the instant case, agree with my preferred interpretation.[1] Alas, three of my colleagues now see it the way District Judge Borman saw it in *Sanders.* I see no logic in requiring as a condition precedent to the § 2K2.1(b)(5) enhancement "a separation of time between the offense of conviction and the other felony offense." *Sanders,* 162 F.3d at 400.

Despite my misgivings, I will concur in the result reached on the U.S.S.G. § 2K2.1(b)(5) issue. We are bound by *Sanders,* but I would hope the entire court might take a look at this issue.

---

1. We are also joined in this conclusion by the unanimous panel in a recent similar case, *United States v. Armstead,* 114 F.3d 504, 510–513 (5th Cir.1997).