UNITED STATES of America, Plaintiff–Appellee,

v.

James DULANEY, Defendant–Appellant.

No. 02–1901.

United States Court of Appeals, Sixth Circuit.

June 3, 2004.

---

Daniel Y. Mekaru, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Lawrence J. Phelan, Grand Rapids, MI, for Defendant–Appellant.

Before BOGGS, Chief Judge; KENNEDY, Circuit Judge; and RUSSELL, District Judge.*

PER CURIAM.

Defendant James Dulaney was arrested after threatening Antuan Rainey with a handgun in a confrontation over Rainey's girlfriend. Dulaney pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and to knowingly possessing a stolen firearm, 18 U.S.C. §§ 922(j) and 924(a)(2). The trial judge added four offense levels under U.S.S.G. § 2K2.1(b)(5) for using the firearm in connection with another felony, namely the assault on Rainey. On appeal, Dulaney challenges only the assignment of those sentencing levels, and we affirm.

We review the district court's application of the Sentencing Guidelines to the facts for abuse of discretion. *United States v. Jackson–Randolph*, 282 F.3d 369, 390 (6th Cir.2002). A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law, or uses an erroneous legal standard. *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 237 (6th Cir.2003).

U.S.S.G. § 2K2.1(b)(5) requires adding four offense levels to a sentence for criminal possession or trafficking of firearms, when "the defendant used or possessed any firearm or ammunition in connection with another felony offense." Dulaney argues that indiscriminate application of this enhancement does not comport with the general policy that a four-level enhancement be applied only to punish "egregious" criminal behavior. *United States v. Sanders*, 162 F.3d 396, 401 (6th Cir.1998). He urges that we recognize that *Sanders* and *United States v. McDonald*, 165 F.3d 1032 (6th Cir.1999), have created a rule that no single episode of criminal behavior will justify the imposition of the § 2K2.1(b)(5) enhancement. He construes the word "another" in § 2K2.1(b)(5) as indicating that the defendant must have used his weaponry in two separate felony offenses besides the offense with which he is charged.

Dulaney's reliance on *Sanders* and *McDonald* is misplaced. These cases hold that when a felon steals a firearm, § 2K2.1(b)(5) does not allow the district court to double-count that single act of theft as encompassing both possession and "another felony." In contrast, the district court punished Dulaney separately for two completely separate acts: coming into ille-

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

gal possession of a firearm, and later illegally using the firearm. *United States v. Hurst*, 228 F.3d 751, 762–63 (6th Cir.2000) (*Sanders* does not bar the application of § 2K2.1(b)(5) to defendant who stole handgun and then used it in a second burglary).

Because Dulaney's challenge to the trial court's application of the Sentencing Guidelines is without merit, we AFFIRM the judgment of the district court.