NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0778n.06
Filed: October 18, 2006

No. 05-5839

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| TERRENCE L. BOARDS, | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: MERRITT and GIBBONS, Circuit Judges; and O'MEARA, District Judge.[*]

JULIA SMITH GIBBONS, Circuit Judge. Appellant Terrence Boards was convicted by a jury of being an accessory after the fact to the crime of retaliation against a witness and of being a felon in possession of a firearm. Boards was sentenced on the felon-in-possession conviction and his offense level was enhanced, pursuant to U.S.S.G. § 2K2.1(b)(5), for his possession of the firearm in connection with the other felony offense of accessory after the fact to retaliation. On appeal, Boards argues that the district court erroneously applied the sentence enhancement because Boards's relevant conduct giving rise to his accessory-after-the-fact offense – the taking of a gun from his co-defendant and fleeing the scene of a shooting – was the same conduct that gave rise to his possession conviction. Because we agree with Boards that the application of the enhancement based

_____

[*]The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

on the accessory-after-the-fact conviction represented impermissible "double counting," we vacate Boards's sentence and remand to the district court for further consideration.

I.

On February 9, 2004, Boards was in a house owned by Patrick Bowling with Michael Simmons. Simmons's brother Derrick had recently been arrested on drug charges after an informant tipped off the police. Simmons and Boards discussed the arrest and the informant, whose name had been mistakenly typed on a search warrant for Derrick's house and provided to Derrick while executing the search warrant. Simmons resolved to deliver a "message" to the informant and ordered Marguerita Whiteside, a fifteen-year-old female who was also at Bowling's house, to show them where the informant's mother lived. Whiteside led Simmons to the informant's mother's house, which was about one block away from Bowling's house. Simmons pulled a gun from his pants and began shooting into the house. After shooting into the house, Simmons ran back towards Bowling's house and handed the gun off to Boards. Boards took the gun from Simmons, ran through Bowling's house, and out the back door. As Boards walked away from Bowling's house in an alley, he saw police officers approaching him and turned back toward Bowling's house, throwing the gun into an abandoned car. Boards was detained and arrested. The gun was recovered from the abandoned car. Boards had a prior felony conviction at the time of the incident.

On June 9, 2004, a grand jury indicted Boards on two counts. First, the indictment charged that Boards acted as an accessory after the fact, in violation of 18 U.S.C. § 3, to the crime of retaliation against a witness, a violation of 18 U.S.C. § 1513(a)(1)(B), (b)(2). Second, the indictment charged that Boards, a previously-convicted felon, possessed a fireman in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). After a two-day trial, the jury found Boards guilty of being a

2

felon in possession of a firearm and of being an accessory after the fact to the crime of retaliation against a witness. At the sentencing hearing, the district court applied a four-point enhancement pursuant to U.S.S.G. § 2K2.1(b)(5), concluding that Boards possessed a firearm in connection with another felony offense. After the district court's application of two other enhancements, Boards's resulting offense level was twenty-eight, which, along with Boards's criminal history category, produced a guideline range of 110-137 months. After stating its intention to sentence Boards to the low end of the guideline range, the district court sentenced Boards to 110 months on the felon-in-possession count and 60 months on the accessory-after-the fact count, with the terms to run concurrently.

## II.

This court reviews *de novo* the district court's legal conclusions regarding the application of the Sentencing Guidelines. *United States v. Humphrey*, 279 F.3d 372, 379 (6th Cir. 2002).

Contrary to the government's suggestion, Boards raised his present claim of sentencing error to the district court with the "reasonable degree of specificity" required. *United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004). Prior to Boards's sentencing hearing, Boards objected to the § 2K2.1(b)(5) in the pre-sentence report, claiming that he was only convicted of accessory after the fact, and there was no evidence that he was involved in the primary offense. At the sentencing hearing, Boards again objected to the application of the enhancement, arguing that the firearm was not used by him in another felony offense. The district court overruled Boards's objection, ruling that the enhancement should be applied because Boards possessed the firearm in connection with the other offense of accessory after the fact. Boards's present challenge to the use of § 2K2.1(b)(5) was therefore presented to the district court. Although the government now claims that Boards failed

3

to make the precise legal argument that he now makes, implicit in his objection was his belief that the accessory-after-the-fact conviction failed to constitute "another felony offense." We therefore turn to Boards's argument.

U.S.S.G. § 2K2.1(b)(5) requires a four-point enhancement to the base offense level for a felon in possession when the defendant used or possessed the firearm "in connection with another felony offense." We have previously held that, in order to apply the § 2K2.1(b)(5) enhancement, there must be "a separation of time between the offense of conviction and the other felony offense, or a distinction of conduct between that occurring in the offense of conviction and the other felony offense." *United States v. McDonald*, 165 F.3d 1032, 1037 (6th Cir. 1999) (quoting *United States v. Sanders*, 162 F.3d 396, 400 (6th Cir. 1998)). In *Sanders*, the defendant stole firearms from a pawnshop. 162 F.3d at 397-98. Following the defendant's plea of guilty for felon in possession, the district court applied § 2K2.1(b)(5) for possession in connection with the other felony offense of the burglary of the firearms. *Id.* On appeal, this court reversed, finding § 2K2.1(b)(5) inapplicable. This court first observed that the defendant neither possessed a firearm before entering the pawnshop nor used the stolen firearms to commit any other crimes after the theft. *Id.* at 399-400. The court then stated:

> A logical reading of the § 2K2.1(b)(5) Guideline term "another felony offense" would at least require, as a condition precedent to the application of a major four level guideline enhancement, a finding of a separation of time between the offense of conviction and the other felony offense, or a distinction of conduct between that occurring in the offense of conviction and the other felony offense. Otherwise, the word "another" is superfluous, and of no significance to the application of that provision. In the instant case, there was no separation of time, or distinction in conduct between the instant offense and the state burglary offense.

*Id.* at 400 (footnote omitted). This court later applied *Sanders* in the factually-identical *McDonald* case. In *McDonald*, the majority reasoned that "the 'possession' of the firearms came about only as

4

a simultaneous consequence of consummating the burglary"; whereas § 2K2.1(b)(5) "is a sentencing enhancement provision that was created in response to a concern about the increased risk of violence when firearms are used or possessed during the commission of *another* felony." *McDonald*, 165 F.3d at 1037. The majority concluded that "§ 2K2.1(b) should therefore be applied only when there is evidence of something more than simply the theft of firearms." *Id.*

The government argues that the time-conduct rule announced in *Sanders* is limited to theft-of-firearms cases. However, there is nothing intrinsic in the reasoning of *Sanders* that limits its application to gun-theft cases; rather, the purpose of the rule is to ensure that there are in fact two separate offenses involved. *See Sanders*, 162 F.3d at 399-400. Moreover, this court has not categorically rejected similar challenges by defendants but rather has used *Sanders*'s analytical framework in numerous non-theft cases. *See, e.g., United States v. Hurst*, 228 F.3d 751, 762-63 (6th Cir. 2000) (applying the time-conduct test and affirming application of the enhancement where a defendant stole a handgun during one burglary and later carried it during a subsequent burglary); *United States v. King*, 341 F.3d 503, 506-07 (applying the time-conduct test and affirming application of the enhancement where a defendant possessed a firearm and then used it to commit a felonious assault).

Applying the *Sanders* framework to this case, Boards's conduct giving rise to the accessory-after-the-fact conviction and his possession of the firearm were one and the same. As the government conceded at oral argument, at the moment that Boards took possession of the gun from Simmons, he became an accessory after the fact to Simmons's crime of retaliation. Thus, there was neither a separation of time nor a distinction of conduct between Board's mere possession of the firearm and his assisting Simmons. Unlike in *King*, where "the enhancement conduct was not

5

unavoidable once the underlying offense took place," *see* 341 F.3d at 507, Boards's accessory conduct was unavoidable upon his possession of the firearm. Conversely, Boards's possession of the firearm came about as a "simultaneous consequence of consummating" the accessory-after-the-fact conduct. *McDonald*, 165 F.3d at 1037. In sum, Boards's enhancement conduct was coextensive with his possession of the firearm – both in time and scope. Thus, applying the time-conduct rule of *Sanders*, we hold that Boards's conviction for accessory after the fact cannot be considered another felony offense for the purpose of applying the § 2K2.1(b)(5) enhancement.[1]

### III.

For the foregoing reasons, we vacate Board's sentence and remand to the district court for resentencing in accord with this opinion.

---

[1]At oral argument, the panel explored with counsel whether an alternative basis existed for application of the § 2K2.1(b)(5) enhancement, *i.e.*, whether Boards was a conspirator in the primary offense of retaliation against a witness. We need not discuss this issue because it was not raised in the district court or on appeal. The district court will have an opportunity to consider it on remand if appropriate.