**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4861

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HOWARD DESHAWN RANDOLPH,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:06-cr-00241)

Submitted: March 31, 2008            Decided: May 21, 2008

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Karen L. Bleattler, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a guilty plea, Howard Deshawn Randolph was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1)(2000), and sentenced to 70 months in prison. Randolph appeals, contending that: (1) the district court erred in denying the motion to suppress the firearm because the search warrant was not based upon probable cause, and (2) the district court improperly applied a four-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(6). Finding no error, we affirm.

Randolph first asserts that the search warrant application was deficient because it was based upon bare bones assertions that were neither sufficiently reliable nor corroborated. In the alternative, Randolph argues that the district court erred by not holding a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), arguing that the search warrant was obtained as the result of false material representations by an unreliable confidential informant that were relayed to the magistrate with reckless disregard for the truth.

Legal conclusions underlying the denial of a motion to suppress are reviewed de novo, while factual findings are reviewed for clear error. United States v. Moreland, 437 F.3d 424, 429 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). The evidence is construed in the light most favorable to the party prevailing

- 2 -

below.  <u>United States v. Seidman</u>, 156 F.3d 542, 547 (4th Cir. 1998).

In reviewing the propriety of issuing a search warrant, the relevant inquiry is whether, under the totality of the circumstances, the issuing judge had a substantial basis for concluding that there was probable cause to issue the warrant. <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983).  The facts presented to the issuing judge need only convince a person of reasonable caution that contraband or evidence of a crime will be found at the place to be searched.  <u>Texas v. Brown</u>, 460 U.S. 730, 742 (1983). We afford great deference to the district court's findings of probable cause.  <u>Gates</u>, 462 U.S. at 236.

Here, Huntington police arrested witness Davis and found a crack pipe and cocaine on her person.  Davis informed the officers that she received the drugs fifteen minutes earlier from a man named Deshawn, in rooms 122 and 225 of the Ramada Inn, and that she observed both drugs and guns in the rooms.  The officers confirmed that the same man, Howard Deshawn Randolph, rented rooms 122 and 225 under his name.  Based upon this information, a warrant issued.  Although the precise location of Davis's arrest is in dispute, Davis possessed cocaine base instead of mere "cocaine" as the search warrant stated, and Davis was arrested for trespass, suggesting officers knew her, these minor inconsistencies do not call into question Davis's statements to police describing where

she obtained the drugs, Randolph's name, and the exact location of where the drugs and guns would be found. As the district court pointed out, Davis was facing criminal charges so she had great incentive to provide accurate information in order to better her position. Because probable cause existed for the search warrant, we conclude the district court did not err in denying Randolph's motion to suppress the firearms.

Next, Randolph argues that the district court erred by not holding a <u>Franks</u> hearing to determine the reliability of the evidence in the affidavit upon which the warrant was based. Randolph did not move for a <u>Franks</u> hearing in the district court; thus, the court had no reason to order such a hearing. The district court found the information provided by police in the affidavit to be truthful. The statement that Davis was found with cocaine on her person instead of "crack" cocaine does not negate her statement that she received drugs from the Defendant. Randolph fails to demonstrate why a <u>Franks</u> hearing was warranted, and we conclude the district court did not err when it did not convene such a hearing on its own initiative.

Randolph next contends that the district court erred when it applied U.S.S.G. § 2K2.1(b)(6) to enhance his sentence. The court found that Randolph possessed the firearms in connection with the felony offense of distribution of drugs. Section § 2K2.1(b)(6) provides for a four-level enhancement if a defendant "used or

- 4 -

possessed any firearm or ammunition in connection with another felony offense." "The purpose of this enhancement is to ensure that a defendant receives more severe punishment if, in addition to committing a firearms offense within the scope of § 2K2.1, he commits a separate felony offense that is rendered more dangerous by the presence of a firearm (or facilitates another person's commission of an offense involving a firearm)." United States v. Blount, 337 F.3d 404, 406 (4th Cir. 2003) (citing United States v. McDonald, 165 F.3d 1032, 1037 (6th Cir. 1999)).

Following United States v. Booker, 543 U.S. 220 (2005), a sentencing court continues to make factual findings concerning sentencing factors by a preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006). A sentencing court may consider any evidence at sentencing that "has sufficient indicia of reliability." See U.S.S.G. § 6A1.3(a).

To apply an enhancement pursuant to § 2K2.1(b)(6), a district court must find both (1) that a firearm was used and (2) that such use was "in connection with another felony offense." United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001) (quoting U.S.S.G. § 2K2.1(b)(5)). Whether a defendant has actually possessed a firearm in connection with another felony offense is a factual question. Id. Accordingly, the district court's decision to enhance Randolph's offense level pursuant to § 2K2.1(b)(6) is

reviewed for clear error.  United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006).  This deferential standard of review requires reversal only if this court is "left with the definite and firm conviction that a mistake has been committed."  United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985)).

This court has analogized the "in connection with" language in § 2K2.1(b)(6) to the definition of "in relation to" in 18 U.S.C. § 924(c) (2000).  Garnett, 243 F.3d at 828; United States v. Nale, 101 F.3d 1000, 1003-04 (4th Cir. 1996).  In Smith v. United States, 508 U.S. 223 (1993), "the Supreme Court determined that the 'in relation to' language of § 924(c) could be satisfied by proving that a weapon facilitated or potentially facilitated the offense."  Nale, 101 F.3d at 1003.  Additionally, this court, in the context of § 924(c), has stated that a firearm is used "in relation to" another felony offense "if the firearm was present for protection or to embolden the actor."  United States v. Lipford, 203 F.3d 259, 266 (4th Cir. 2000).  However, the "in connection with" requirement in § 2K2.1(b)(6) is not satisfied where the presence of the firearm is the result of mere accident or coincidence.  United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003).  Accordingly, the Government was required to prove more than the mere presence of the firearm but also that Randolph's possession of a firearm facilitated or had the tendency to

- 6 -

facilitate his drug sales or was present for protection or served to embolden him.

The probation officer assigned the weapons enhancement because the two firearms were found in the hotel room along with three baggies and two hand-rolled cigars of marijuana, four baggies of cocaine, digital scales, and $334 in cash. Because the drugs were found in small baggies, the Government argued that they were packaged for distribution, and indeed, Randolph distributed cocaine to Davis by sharing it, even if he did not sell it to her. Randolph explained the drugs were purchased in more than one transaction, therefore, they were packaged in separate baggies, and he had no intention of selling the drugs but was "partying" with others on his last night in town. Randolph accepted responsibility for the firearms in the room and explained that he bought a weapon for protection, but argued that the firearms were not connected to the drugs found in the room beyond mere presence. He explained that the firearms and his other belongings were in the hotel room because it was his last night in Huntington before he moved.

The district court agreed with the Government, and found that Randolph met the technical definition of "distribution" when he shared cocaine with Davis. The court also found that the manner in which the drugs were packaged, along with the digital scales, suggested distribution. The court found that the firearms were possessed in connection to the felony distribution because the

Government proved that the firearms were for Randolph's protection and were not merely present by happenstance. On this record, we conclude the district court did not commit "clear error" when it enhanced Randolph's sentence pursuant to § 2K2.1(b)(6).

Accordingly, we affirm Randolph's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED