<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4448

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALLEN TYRONE FORD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:06-cr-00129-D)

Submitted: December 3, 2007          Decided: December 19, 2007

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allen Tyrone Ford appeals his sentence imposed following his guilty plea to possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C.A. §§ 922(g) and 924(e) (West 2000 & Supp. 2007). Finding no error, we affirm the judgment of the district court.

After receiving information from a confidential informant that Ford was distributing crack cocaine from his home, the Fayetteville Police Department conducted controlled buys from Ford on August 25th and 30th, 2005. Two days later, on September 1, 2005, a search warrant was executed at Ford's home. During the search, Ford informed the officers that he had a small amount of marijuana and a .25 caliber semi-automatic pistol hidden in a bedroom. No cocaine or paraphernalia associated with drug distribution was discovered during the search. Ford was ultimately indicted for possessing a firearm after having been convicted of a felony.

Prior to Ford's sentencing, the probation office prepared a presentence report. According to U.S. Sentencing Guidelines Manual § 2K2.1(a)(2), Ford had a base offense level of twenty-four. Ford's base offense level was increased four points pursuant to USSG § 2K2.1(b)(6) because the probation officer determined that Ford possessed the firearm in connection with another felony

offense — the sales of cocaine on August 25th and 30th.[*]  Ford then received a three level reduction for acceptance of responsibility, resulting in an offense level of twenty-five.  Ford's criminal history category of IV and his offense level resulted in an advisory guidelines range of 84 to 105 months' imprisonment.

Ford appeared for sentencing on April 25, 2007.  At sentencing, Ford objected to the four point enhancement for possessing the firearm in connection with another felony.  The district court overruled Ford's objection and sentenced him to eighty-four months' imprisonment.  Ford timely noted his appeal and now argues that:  (1) the district court erred in finding that he sold crack cocaine on August 25th and 30th and (2) the district court erred in enhancing his sentence pursuant to USSG § 2K2.1(b)(6).

U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) provides for a four level enhancement if a defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6).  "The purpose of this enhancement is to ensure that a defendant receives more severe punishment if, in addition to committing a firearms offense within the scope of § 2K2.1, he commits a separate felony offense that is rendered more dangerous by the presence of a firearm . . . ." United States v. Blount, 337

---

[*]USSG § 2K2.1(b)(6) is the successor to § 2K2.1(b)(5); the text was redesignated, without change when the guidelines were amended in November 2006.

F.3d 404, 406 (4th Cir. 2003) (citing United States v. McDonald, 165 F.3d 1032, 1037 (6th Cir. 1999)).

Following United States v. Booker, 543 U.S. 220 (2005), a sentencing court continues to make factual findings concerning sentencing factors by a preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert denied, 127 S. Ct. 121 (2006). Long-standing authority has permitted a sentencing court to consider any evidence at sentencing that "has sufficient indicia of reliability," see USSG § 6A1.3(a), including "conduct underlying [an] acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." United States v. Watts, 519 U.S. 148, 156-57 (1997) (per curiam); United States v. Montgomery, 262 F.3d 233, 249 (4th Cir. 2001).

To apply an enhancement pursuant to § 2K2.1(b)(6), a district court must find both that (1) a firearm was used and (2) that such use was "in connection with another felony offense." United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001) (quoting USSG § 2K2.1(b)(5)). The district court's decision to enhance Ford's offense level pursuant to § 2K2.1(b)(6) is reviewed for clear error. United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006).

On appeal, Ford argues that the district court erred in applying the § 2K2.1(b)(6) enhancement because the Government failed to prove that the predicate "other felonies," namely cocaine

distribution on August 25th and 30th, actually occurred. At sentencing, the Government proffered, without objection, the testimony of the case agent. According to the agent, Ford informed officers that he had purchased the firearm for protection, that he sold crack cocaine to pay for his rent and his marijuana, and that he sold crack cocaine from his home daily. Ford also admitted that he would purchase $50 of crack cocaine, cut it into rocks, and sell it. Finally, Ford admitted that he would repeat this process several times a day and that he tended to sell more on the weekends.

Ford's counseled brief fails to take into account the testimony of the case agent at sentencing. As described, Ford gave the officer a detailed description of his method for selling cocaine, including how much he would purchase, how he would package the drugs, how often he resupplied, and the times he tended to sell more. Ford's confession, in conjunction with the information from the confidential source that Ford sold cocaine during the two controlled buys, established by a preponderance of the evidence two prior "other felonies" for purposes of § 2K2.1(b)(6).

Ford also argues that his § 2K2.1(b)(6) enhancement was improper because the Government failed to prove he possessed the firearm in connection with the cocaine sales on August 25th and 30th. This court has analogized the "in connection with" language in § 2K2.1(b)(6) to the definition of "in relation to" in 18 U.S.C.

§ 924(c).  Garnett, 243 F.3d at 828; United States v. Nale, 101 F.3d 1000, 1003-04 (4th Cir. 1996).  In Smith v. United States, 508 U.S. 223 (1993), "the Supreme Court determined that the 'in relation to' language of § 924(c) could be satisfied by proving that a weapon facilitated or potentially facilitated the offense." Nale, 101 F.3d at 1003.  Additionally, this court, in the context of § 924(c), has stated that a firearm is used "in relation to" another felony offense "if the firearm was present for protection or to embolden the actor."  United States v. Lipford, 203 F.3d 259, 266 (4th Cir. 2000).

Yet again, Ford's argument is undercut by his confession. Ford's home was searched just two days after the second controlled buy.  At the time of his arrest, Ford admitted both to selling crack from his home daily and that he possessed the gun found in his home for protection.  Thus, Ford's admission established by a preponderance of the evidence the "in connection with" requirement, and the district court did not commit clear error in relying on Blount and Lipford to enhance Ford's sentence pursuant to § 2K2.1(b)(6).

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED